[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14367
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2010
JOHN LEY
CLERK

Agency No. A098-661-562

MILVIA AGUILAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 4, 2010)

Before MARCUS, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Milvia Aguilar, through counsel, seeks review of the Board of Immigration

Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") adverse

credibility determination and corresponding denial of her application for asylum

under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158; withholding of removal under 8 U.S.C. § 1231(b)(3); and withholding of removal under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c).  On appeal, Aguilar argues that the BIA's adverse credibility determination was erroneous, that she is entitled to asylum, withholding of removal, and CAT relief, and that the BIA's application of the law deprived her of her due process rights. After careful review, we dismiss the petition in part, and deny it in part.

We review the BIA's decision as the final judgment, except to the extent that it expressly adopts the IJ's opinion or reasoning.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Here, the BIA did not expressly adopt the IJ's decision, based its adverse credibility finding on specific grounds, and declined to address the IJ's other finding.  Accordingly, only the BIA's decision is subject to our review.  See id.

We review our subject-matter jurisdiction de novo.  Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).  The BIA's factual determinations, including credibility and asylum eligibility determinations, are reviewed under the "substantial evidence test."  Al Najjar, 257 F.3d at 1284; Kueviakoe v. U.S. Att'y Gen., 567 F.3d 1301, 1304 (11th Cir. 2009).  We will affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence of record.  Al Najjar, 257 F.3d at 1284.  This standard is

2

"highly deferential," and we have held that the BIA's decision can be reversed only "if the evidence compels a reasonable fact finder to find otherwise." Al Najjar, 257 F.3d at 1284; Kueviakoe, 567 F.3d at 1304 (quotations omitted). Under this test, we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158. The Secretary of Homeland Security or the Attorney General may grant asylum to an alien if she meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1)(A). A "refugee" is:

> [A]ny person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail . . . herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving that she qualifies as a refugee. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

An alien is entitled to withholding of removal under the INA if she can show that her life or freedom would be threatened on account of, inter alia, her political opinion. 8 U.S.C. § 1231(b)(3); Delgado v. U.S. Att'y Gen., 487 F.3d 855, 860-61

3

(11th Cir. 2007). The alien must demonstrate that, more likely than not, she will be persecuted or tortured upon her removal. Delgado, 487 F.3d at 861. The standard for withholding of removal is more stringent than that required for asylum. Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1292 (11th Cir. 2006). Accordingly, where a petitioner fails to establish a claim of asylum on the merits, her claim for withholding of removal necessarily will fail. See id.

If an alien's testimony is credible, it alone may be sufficient to satisfy her burden of proof required to establish asylum eligibility. See Kueviakoe, 567 F.3d at 1304. However, a denial of asylum relief can be supported solely by an adverse credibility determination. Id. at 1304-05. The BIA must support an adverse credibility determination with "specific, cogent reasons," for the finding. Id. at 1305. The burden then shifts to the alien to show that the credibility determination was not supported by "specific, cogent reasons" or was not based on substantial evidence. Id. The trier-of-fact must determine credibility, and we will not substitute our own judgment for that of the BIA with respect to credibility findings. D-Muhumed, 388 F.3d at 818.

The REAL ID Act provides that an IJ may base a credibility determination on, inter alia:

> the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)

4

. . . the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). Because Aguilar filed her application after May 11, 2005, the REAL ID Act applies to her claim. See Shkambi v. U.S. Att'y Gen., 584 F.3d 1041, 1049 n.7 (11th Cir. 2009). Contradictions between an alien's testimony at an asylum hearing and her statements made during an interview upon entry in the United States may constitute bases for an adverse credibility determination. See id. at 1050-51 (holding that the IJ did not err by considering contradictions between an applicant's airport interview and her later testimony). In contrast, mere omissions in the initial interview, upon which the alien later elaborates, should not solely be used to support an adverse credibility finding. See Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1279 (11th Cir. 2009).

We "lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted [her] administrative remedies with respect thereto." Amaya-Artunduaga, 463 F.3d at 1250; 8 U.S.C. § 1252(d)(1). Therefore, if an alien fails to present a claim before the BIA, generally we will not address it. See Shkambi, 584 F.3d at 1048 n.4 (declining to address an alien's claim that was not first presented to the BIA).

5

As an initial matter, Aguilar failed to exhaust her administrative remedies with respect to her claim for CAT relief. She did not present the issue to the BIA in either her notice of appeal or subsequent brief. Likewise, to the extent that Aguilar raises a due process argument before us, she does so for the first time on appeal, as she did not raise such an argument before the BIA. Because Aguilar failed to exhaust her administrative remedies with respect to both of these arguments, we lack jurisdiction to address them. See Amaya-Artunduaga, 463 F.3d at 1250; 8 U.S.C. § 1252(d)(1).

We also reject Aguilar's claim that the evidence of record compels us to overturn the BIA's adverse credibility determination or the resulting denial of asylum or withholding of removal. The BIA supported its credibility findings by identifying specific, cogent inconsistencies between the evidence and Aguilar's testimony, including specific differences between her testimony at the asylum hearing and her earlier statements to immigration officials. Kueviakoe, 567 F.3d at 1305. Indeed, in her hearing testimony, Aguilar repeatedly denied telling INS or Border Patrol officials that she did not fear persecution if returned to Venezuela and claimed to have entered the United States because she feared persecution in Venezuela, but in her initial February 2006 interview with Border Patrol agents, Aguilar stated under oath that she had no fear of returning to Venezuela, and that

6

she entered the United States to work in Miami, Florida. Even Aguilar concedes that there were discrepancies between her testimony and her earlier statements.

Unlike the petitioner in Tang, Aguilar's hearing testimony was not an elaboration or clarification of an earlier statement. Cf. Tang, 578 F.3d at 1279-80. Rather, Aguilar directly contradicted her earlier statements that she was unafraid to return to Venezuela by testifying that she came to the United States to avoid persecution. Such contradictions constitute substantial evidence in support the BIA's adverse credibility determination, and Aguilar's conclusory argument to the contrary is not a sufficient basis on which to reverse the BIA's conclusion. See Shkambi, 584 F.3d at 1050-51; Kueviakoe, 567 F.3d at 1305. Although Aguilar argues that the statements she made before INS and Border Patrol agents are unreliable, she offers no evidence to support this conclusion. The record does not suggest that the BIA failed to consider the circumstances or reliability of Aguilar's prior interviews, as required by the REAL ID Act. See 8 U.S.C. § 1158(b)(1)(B)(iii). And to the extent that Aguilar argues that the inconsistencies could not support the adverse credibility determination because they were trivial or unimportant, her argument is foreclosed by the REAL ID Act, which does not require that inconsistencies go to the heart of an applicant's claim. See id.

Thus, viewed most favorably to the agency decision, and in light of the BIA's permissible adverse credibility determination, substantial evidence supports

the BIA's dismissal of Aguilar's application for asylum.  See <u>Adefemi</u>, 386 F.3d at 1027.  Because Aguilar has not established that she is entitled to asylum, she is unable to meet the stricter standard for withholding of removal.  See <u>Zheng</u>, 451 F.3d at 1292.  Therefore, we dismiss in part and deny in part Aguilar's petition for review.

**PETITION DISMISSED IN PART, DENIED IN PART.**